**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**RIO GRANDE COMMUNITY HEALTH CENTER, et al.**,

   Plaintiffs,

   v.

**ROSA PEREZ-PERDOMO, SECRETARY, DEPARTMENT OF HEALTH**,

   Defendant.

**CIVIL NO. 03-1640 (JAG/GAG)**

## **REPORT AND RECOMMENDATION**

On August 12, 2005, plaintiffs requested, via motion, that the Court issue an order to show cause directed at defendant Rosa Pérez-Perdomo ("defendant"). (Docket No. 157). Plaintiffs alleged that defendant should be found in contempt due to her alleged failure, as Secretary of the Puerto Rico Department of Health, to comply with the Court's November 1, 2004 and March 7, 2005 orders. To that effect, plaintiffs claim that said orders required the defendant to make certain payments pertaining to wraparound amounts due for the 2004 year, and that a prospective payment system be established in order to assure future compliance. (Docket No. 157, p. 2). Subsequently, the Court granted plaintiffs' request, and ordered defendant to show cause why she should not be found in contempt. (Docket No. 166). Thereafter, defendant filed a timely motion in compliance adducing that the March 7, 2005 order does not require payment to Belaval, and that Belaval is not entitled to payments for the 2004 year. (Docket No. 167, p. 2-3). Defendant further alleges that pursuant to the undersigned's June 24, 2005 report and recommendation, her compliance with the March 7, 2005 order has already been ruled upon, particularly in light of the fact that plaintiffs failed to file a timely objection to said report and recommendation. Id., p. 3. Thus, defendant alleges that any ability to challenge her compliance with the March 7 order has been waived. Id., p. 4.

As outlined by the First Circuit in Keating v. S.H.H.S., 848 F. 2d. 271, 275 (1ST Cir. 1988), a party's failure to oppose a magistrate judge's recommendation within the statutorily allotted time period constitutes a waiver to review by the district court and court of appeals. Moreover, absent

**CIVIL NO. 03-1640 (JAG/GAG)**                    2

objection, the district court is free to assume that said party acquiesced to the undersigned's report and recommendation. Id. Thus, defendant is correct in stating that the plaintiffs' non-compliance claim with regards to the March 7, 2005 order has been, in essence, waived, considering the undersigned's prior recommendation. The motion for contempt attempts to circumvent the ten-day objection rule through contempt proceedings. Consequently, such claim must be denied. Notwithstanding, the Court reminds the parties that it is the District Judge's prerogative to review the Court's recommendations and adopt those he sees fit.

The Court, however, notes that the November 1, 2004 order (Docket No. 82) was not under review by the undersigned when issuing the aforementioned report and recommendation. As a result, the Court may review defendant's compliance with respect to said order, and whether a finding of contempt is warranted. With respect to the Court's November 1, 2004 order, plaintiffs hinge their contempt request on the fact that the Court ordered defendants to "on or before December 10, 2004, [] pay to the appearing plaintiffs which are currently operating and pending supplemental payments for 2004." (Docket No. 82). Defendant counters by alleging that the Court has already ruled that Belaval is not owed any payments for 2004, and that such redress must be sought before the parallel proceedings underway before the Puerto Rico Court of First instance. (Docket No. 167, p. 2).

In its March 31, 2004 order (Docket No. 48), the Court clarified the scope of the relief sought in the instant case *vis a vis* that requested in the Commonwealth court proceeding. To that effect the Court noted that the case at bar differs inasmuch as the only relief requested by the appearing plaintiffs is prospective injunctive relief, while the state court plaintiffs requested back pay. Id., p. 2. The Court notes that while the temporary restraining order ruled upon by the Court at the time was filed by plaintiff Loíza, the Court's distinction between the scope of the state and federal proceedings mentions all plaintiffs. Hence, Belaval would be barred from seeking back pay, which claim should be presented in the local Court of First Instance. However, prospective relief, as noted by the Court, is permissible. Hence, according to the Court's previous orders, relief pertaining to the months in 2004 *after* the Court's order may be sought by Belaval.

With the preceding in mind, the Court must now specifically determine if such payment was

**CIVIL NO. 03-1640 (JAG/GAG)**              3

called for by the Court's November 1, 2004 order, and, if so, if defendants failure to comply should result in a finding of contempt. The Court must first note that said order was issued pursuant to 28 U.S.C. § 636, under which the undersigned's report and recommendation with regards to plaintiffs' motion for preliminary injunction (Docket No. 23), and defendant's motion to dismiss were subject to *de novo* review. (Docket No. 37). Specifically, the motion for preliminary injunction which currently concerns the Court was expressly filed by all plaintiffs, including Belaval. (Docket No. 23). Moreover, the undersigned expressly named Belaval as one of the appearing plaintiffs in the referenced report and recommendation. (Docket No. 63, p. 1). To that effect, the Court referenced all the plaintiffs jointly throughout the report. Thus, the Court's adoption of the undersigned's recommendation necessarily involves Belaval. Consequently, the Court's order required defendant to pay Belaval wraparound payments related to the months from March 31, 2004, when the Court issued a temporary restraining order, until and including December of the same year, subject to Belaval maintaining its operations during said time period. (Docket No. 82, p. 1). The Court adds that in her motion in compliance (Docket No. 167) defendant has not alleged that Belaval was not operating a Federal Qualified Health Center. Nor has defendant provided any justifiable reason for her non-payment to Belaval.

## CONCLUSION

**WHEREFORE**, the Court hereby **RECOMMENDS** that the plaintiffs' motion for contempt (Docket No. 157) be held in abeyance, and that defendant be given until October 14, 2005 to comply with the Court's orders directing payment. Failure to make any payment to Loíza and/or Belaval shall result in a finding of contempt and a corresponding attachment order. The Court is also recommending granting the plaintiffs' motion for emergency relief (Docket No. 171) via separate order, which is hereby incorporated by reference.

Under the provisions of 28 U.S.C. § 636 and Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto on or before **Friday, September 30, 2005 at 5:00 p.m.**. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for

**CIVIL NO. 03-1640 (JAG/GAG)**                4

such objections.  Failure to comply with this rule precludes further appellate review.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED.**

**Date: September 26, 2005**                                         <u>S/ Gustavo A. Gelpí</u>
                                                                      **GUSTAVO A. GELPÍ**
                                                                      **U.S. Magistrate Judge**