IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RIO GRANDE COMMUNITY HEALTH CENTER INC., et al., <br><br> **Plaintiff(s)** <br><br> v. <br><br> ROSA PEREZ PERDOMO, SECRETARY, PUERTO RICO DEPARTMENT OF HEALTH, et al., <br> **Defendant(s)** | CIVIL NO. 03-1640(JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

On February 14th, 2005, the U.S. Court of Appeals for the First Circuit issued an Opinion affirming the Court's preliminary injunction in the case at bar. Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005). On March 7th, 2005, the Court ordered defendant to produce a new set of data based on the formula outlined in the First Circuit's opinion, in order to calculate the wraparound payments due to plaintiffs. (Docket No. 115).

Shortly thereafter, plaintiff Concilio de Salud Integral de Loiza ("Loiza"), alleged that the defendant failed to comply with the Court's order, and that she misapplied the formula. (Docket No. 125). Defendant countered that she was complying with the Court's order, and that no payment to plaintiff Dr. José S.

Civil No. 03-1640 (JAG)
                                                                          2

Belaval, Inc. ("Belaval")was warranted.  Defendant further alleged that she was complying with the formula, and that the Court should grant an "unrestricted audit" on the plaintiffs in order to confirm the facts and figures presented.  (Docket No. 141).

The present controversy is essentially rooted in the parties' proposed variables to be used in the equation for calculating the wraparound payments under 42 U.S.C. § 1396a(bb)(5)(A).  The referenced statute provides that in cases where the Federal Qualified Health Center ("FQHC") furnishes services pursuant to a contract with a managed care entity, the State shall pay the center the difference between the total reasonable costs for the year in question and that amount which "exceeds the amount of the payments provided under the contract" with said managed care entity. Specifically, the controversy boils down to the interpretation of the word "provided" in the cited statute.  Whereas defendant claims that the term is used to reference the terms of the agreement (whether or not they have been satisfied), plaintiffs interpret the term as meaning the funds actually disbursed in favor of the FQHC.

On June 24th, 2005, Magistrate-Judge Gustavo A. Gelpí issued a Report and Recommendation advising the Court that: 1) the wraparound payment be determined by subtracting the total reasonable costs from the amount actually payed for by the HMO to Loiza; 2) the funds deposited in the state court proceeding not be credited to the amount owed by defendant to Loiza as wraparound

Civil No. 03-1640 (JAG)

3

payment; 3) that defendant's request for an unrestricted cost audit be denied; 4) that the defendant be found to have complied with the Court's March 7th, 2005, order with respect to Belaval; and 5)that defendant's request for contempt against Belaval be denied. (Docket No. 145 at 6).

On July 26th, 2005, the defendant filed an Opposition to the Magistrate-Judge's Report and Recommendation, in which she questioned the Court's jurisdiction to entertain the present claim; objected to the Court's determination of reasonable per-visit costs; and disapproved of the Court's interpretation of the "payment provided under the contract" provision under 42 U.S.C. § 1396a(bb)(5)(A). (Docket No. 153).

This Report and Recommendation is still pending before the Court.

On August 12th, 2005, plaintiffs filed a motion requesting the Court to issue an order to show cause against the defendant, arguing that she should be found in contempt due to her alleged failure to comply with the Court's order of March 7th, 2005. (Docket No. 157). Plaintiffs claim that said order required the defendant to make certain payments pertaining to wraparound amounts due for the year 2004, and that a prospective payment system be established in order to assure future compliance. Id., at 2. The Court subsequently granted plaintiffs' request and ordered the defendant to show cause why she should not be found in contempt.

Civil No. 03-1640 (JAG)

4

(Docket No. 166).

On September 13th, 2005, the defendant filed a timely motion in compliance, arguing that the order of March 7th, 2005, does not require payment to Belaval, and that Belaval is not entitled to payments for the year 2004. (Docket No. 167). Defendant further alleges that her compliance with the order of March 7th, 2005, as to Belaval, has already been ruled upon pursuant to the Magistrate-Judge's Report and Recommendation of June 24th, 2005, particularly since plaintiffs failed to file a timely objection. Id., at 3.

On September 12th, 2005, the Court referred the Motion for Contempt to Magistrate-Judge Gelpí for a Report and Recommendation. (Docket No. 165).

On September 26th, 2005, the Magistrate-Judge issued two Reports and Recommendations. In the first one, (Docket No. 173), he noted that, notwithstanding the Report and Recommendation of June 24th, 2005, the Court's orders of March 31st, 2004, (Docket No. 48) and November 1st, 2004 (Docket No. 82), grant Belaval the right to receive prospective wraparound payments. That is, the Magistrate-Judge reports that, "according to the Court's previous orders, relief pertaining to the months in 2004 after the Court's order may be sought by Belaval." (Docket No. 173 at 2). Hence, in his second Report and Recommendation, Magistrate-Judge Gelpí recommended that defendant be ordered to satisfy payment to Loiza and Belaval no later than October 14th, 2005, or a finding of

Civil No. 03-1640 (JAG)
5

contempt shall be made and an order of attachment shall issue as to the amount due. (Docket No. 174). The Magistrate-Judge granted the defendant until September 30th, 2005, to file objections to his Reports and Recommendations.

On October 4th, 2005[1], the defendant filed an Objection to the Magistrate-Judge's Reports and Recommendations (Docket No. 183), essentially reiterating that: 1) the Court lacks subject matter jurisdiction (Docket No. 183 at 2); 2) no payments have been ordered as to Belaval, and that plaintiffs waived any arguments as to this matter by not objecting to the Magistrate-Judge's R&R; and 3) the Court should stay the proceedings in this case pending the First Circuit's resolution of the interlocutory attorney's fees issue.

**STANDARD OF REVIEW**

A. <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).

---

[1] On September 30th, 2005, defendant filed a "Motion for Reconsideration of Order or in the Alternative a Request for Extension of Time to File her Objections to the Magistrate's Reports dated September 26, 2005." (Docket No. 180). The Motion for Reconsideration was denied, but defendant was granted until October 4th, 2005 at 10:00 a.m. to file her objections. (Docket No. 182).

Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since defendants have filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

## DISCUSSION

The Court must first restate that it has jurisdiction to entertain the present case. See Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56, 72-75. Also, as already ruled, (Docket No. 179), the Court will not stay the proceedings in this case pending the resolution of the attorney's fees issue before the First Circuit. The Court will deem as frivolous any further filing regarding these matters.

As to the Report and Recommendation of June 24th, 2005, the defendants objected to the Court's determination of reasonable per-visit costs, and disapproved of the Court's interpretation of the "payment provided under the contract" disposition under 42 U.S.C. § 1396a(bb)(5)(A). (Docket No. 153). Magistrate-Judge Gelpí denied the defendants' proposed cost-per-visit amount of $120.17 inasmuch

Civil No. 03-1640 (JAG)
7

as "defendant's only ground for challenging Loiza's per-visit cost is that it varies from the amount set forth in a NACHC study...however, defendant failed to submit a copy of such study along with her reply brief." (Docket No. 145 at 4). Regarding the variables to be used in computing the amount of the wraparound payments, the Magistrate-Judge stated that

> the interpretation of 42 U.S.C. § 139a(bb)(5)(A)'s "payment provided under the contract" language should be consonant with the importance given to community health centers, such as Loiza, by Congress.  The Court's duty to do so is intensified in a case such as the one at bar where the Commonwealth of Puerto Rico has not complied with its statutory duty to provide wraparound payments to Loiza. Consequently, the Court finds that the wraparound payments called for by 42 U.S.C. § 139a(bb)(5)(A) include any amount due by the HMO to the FQHC.  As a result, the total wraparound owed by the Commonwealth to Loiza should be composed of the difference between the total reasonable costs and the amount actually payed by the HMO to the FQHC.  Id., at 3.

After de novo review, the Court finds that Magistrate-Gelpí's conclusions are essentially correct and, accordingly, **ADOPTS** the Report and Recommendation of June 24th, 2005.

On the other hand, after carefully reviewing the defendant's Objections to the Reports and Recommendations of September 26th, 2005, (Docket No. 183), the Court agrees with Magistrate-Judge Gelpí's conclusion that the wraparound payments and formula apply equally to Belaval.  However, in light of the confusion created by the Report and Recommendation of June 24th, 2005, the Court rules that wraparound payments to Belaval shall be made prospectively, beginning in the third quarter of Fiscal Year 2005.

Civil No. 03-1640 (JAG)
8

As to the payments due to Loiza, the Court orders the parties to meet within the next five (5) days to determine a good faith estimate of the amount due to Loiza immediately. The parties shall inform the Court of the amount agreed upon by October 14th, 2005. In case of disagreement, each party shall supply the Court by that same date a good faith estimate of the amount due, and the Court will rule upon the merits of each claim.

As to the payments to Belaval, the Court orders the parties to meet within the next fifteen (15) days to determine a good faith estimate of the amount due to Belaval immediately. The Parties shall inform the Court of the amount agreed upon by October 21st, 2005. In case of disagreement, each party shall supply the Court by that same date a good faith estimate of the amount due, and the Court will rule upon the merits of each claim.

The Motion for Contempt (Docket No. 157) will be held in abeyance pending the resolution of this matter.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** the Magistrate-Judge's Reports and Recommendations (Dockets No. 145, 173 and 174), subject to the modifications specified above.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of October, 2005.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

Civil No. 03-1640 (JAG)                                                              9