**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RIO GRANDE COMMUNITY HEALTH CENTER, et. al.<br><br>    Plaintiffs<br><br>              v.<br><br>COMMONWEALTH OF PUERTO RICO, et. al.<br><br>    Defendants<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al.<br><br>    Interpleader Defendants | **CIVIL NO.   03-1640 (JAG)** |

## **REPORT AND RECOMMENDATION**

　　　The Federal Defendants' *Motion to Dismiss Plaintiffs' Complaint For Interpleader* (Docket No. 225) must be **GRANTED**. Plaintiffs' *Memorandum in Opposition* (Docket No. 258) is **NOTED**. In their interpleader action plaintiffs seek to require federal defendants to state or disclaim any interest in the "wraparound" Section 330 funds object of this lawsuit. This, however, does not constitute a valid interpleader ground. In the case at bar, plaintiffs are not exposed to defending against multiple claims to a limited fund or property. See Fed. R. Civ. P. 22; Metropolitan Property & Casualty Inc. Co. v. Slam Trac, 324 F. 3d 20, 23 (1st Cir. 2003). This is so because insofar as the Commonwealth government is concerned, it is plaintiffs who have a claim for prospective wraparound funds owed to them by the local government, and not vice versa. More so, plaintiffs presently do not have any monies which both the Federal and Commonwealth defendants are claiming an entitlement to. Any such claim (under plaintiffs' interpleader theory) could more properly be made by the Commonwealth who has Section 330 funds that are being claimed by plaintiffs and perhaps federal defendants under an equitable lien. Moreover, any concern by plaintiffs that federal defendants may take future action in regards to the Section 330 funds is purely conjectural. As the federal defendants note, the Court's orders place the Commonwealth in compliance with federal law.

　　　Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

　　　**SO RECOMMENDED.**
In San Juan, Puerto Rico, this 24th day of January, 2006.

*S/ Gustavo A. Gelpi*
**GUSTAVO A. GELPI**
United States Magistrate-Judge