IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Rio Grande Community Health Center, Inc., *et al.*,   )
                                                      )
       *Plaintiffs*,                             )
                                                      )
       v.                                         )  Civil Nos. 03-1640 (JAG)(GAG)
                                                      )
Hon. Rosa Perez Perdomo, Secretary,                   )
Department of Health of the Commonwealth              )
  of Puerto Rico,                                     )
                                                      )
       *Defendant*.                              )
                                                      )

**PLAINTIFFS' MOTION TO HOLD DEFENDANT AND/OR
HER SURETY IN CONTEMPT AND INCORPORATED
MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, by and through undersigned counsel, respectfully request that the Court direct Defendant Perdomo and/or her surety, MAPFRE PRAICO Insurance Company, to pay to Plaintiffs' counsel $183,384.73 immediately per the Court's orders of December 14, 2004 (D. 95), September 26, 2005 (D. 175), and May 12, 2006 (D. 311) under pain of contempt.

As set forth below, the stay of enforcement of the Court's orders of December 14, 2004 and September 26, 2005 was lifted on May 12, 2006. Neither Perdomo nor her surety on the bond posted to secure that stay has to date made any attempt to satisfy the interim award of attorney fees and accrued interest. Plaintiffs have demanded payment from Perdomo's surety, but that demand was denied. Because (1) the Court's order of September 26, 2005 compelled Perdomo to pay the interim fee award by October 14, 2005, (2) the stay of that order is no longer in effect, (3) both Perdomo and her surety are primarily liable for the $183,384.73 due under the Court's May 12, 2006 order, and (4) neither has paid any portion of the amount due as of the time of this filing, we ask the

Court to order Perdomo and her surety, jointly and severally, to pay $183,384.73 to Plaintiffs' counsel *via* wire transfer (instructions below) not later than 4:00 p.m. on June 30, 2006 or such time as soon thereafter as the Court deems appropriate, and to award Plaintiffs their fees and costs in preparing this motion. If payment is not made by the designated time, there would be more than ample justification for the Court to hold Perdomo and her surety in contempt for their failure to comply.

## STATEMENT OF FACTS

By order dated December 14, 2004, this Court awarded Plaintiffs interim attorneys' fees in the amount of $177,762.25. (D. 95). On August 29, 2005, the Court denied Perdomo's motion to alter or amend that award. (D. 160). The Court issued yet another order on September 26, 2005, this time directing Perdomo to satisfy the award "on or before October 14, 2005" and notifying Perdomo that "[f]ailure to do so should result in a finding of contempt and an order of attachment." (D. 175).

On October 14, 2005, Perdomo moved for a stay of execution of the various fee-related orders pending resolution of her interlocutory appeal of those orders. (D. 195). Perdomo proffered a supersedeas bond in the form of a corporate guaranty as security for the issuance of that stay. (D. 195-2). The guaranty was in the amount of $200,000.00 and identified MAPFRE PRAICO Insurance Company as Perdomo's surety. *Id.* at 1, 5, 8. According to the terms of the bond, both Perdomo and her surety bound and obligated themselves to pay the interim fee award - - plus "interest, costs and attorney fees" - - up to a maximum of $200,000.00 "as and when said judgment may become firm and executory." *Id.*

2

By order dated October 17, 2005, the Court accepted the bond and stayed the enforcement of the interim fee award "until a final determination is made by the First Circuit on the appeal filed by defendant." (D. 199).

The United States Court of Appeals for the First Circuit dismissed Perdomo's appeal for lack of jurisdiction on March 16, 2006 and the mandate for that judgment issued on May 9, 2006. The October 17, 2005 stay order thus expired by its own terms. This Court then ordered disbursement of $183,384.73 "amounting to the award of attorney's fees plus interest from the $200,000.00 deposited by defendant with the Court as surety while appealing this matter . . . ." (D. 311).

In an effort to enforce the order of disbursement, Plaintiffs' local counsel[1] consulted with the Clerk of the Court to determine how best to proceed against the bond. The Clerk advised such counsel that Perdomo's surety is responsible for payment, and that counsel should therefore make demand of the surety.

Consistent with this instruction, Plaintiffs' counsel contacted contacted MAPFRE PRAICO Insurance Company and spoke with Ms. Joan De Jesus of the surety department. Ms. De Jesus stated that the director of the surety department is Mr. Eduardo Marti and that he is the appropriate person to contact for payment on the bond.

On June 2, 2006, Plaintiffs' counsel wrote a letter to Mr. Marti requesting payment and providing copies of the bond and the Court's order of May 12, 2006. After a lengthy period during which counsel and Mr. Marti exchanged telephone messages without managing to speak directly with one another, Plaintiffs' counsel once again made contact with Ms. De Jesus to inquire as to the status of the request for payment. Ms. De Jesus indicated that a meeting with Perdomo's counsel had been set for the week of June

---

[1] All further references to Plaintiffs' counsel are to local counsel.

3

19, 2006 to resolve the payment issue.  Counsel at that time notified Ms. De Jesus of the fact that the guaranty identified both Perdomo and MAPFRE PRAICO Insurance Company as primary obligors on the $200,000.00 bond.

On June 23, 2006, Plaintiffs' counsel had a further conversation with Ms. De Jesus in which she recounted the results of the surety's meeting with Perdomo's counsel. She specifically indicated that Perdomo and her surety had agreed that that Perdomo would be responsible for payment of the interim fee award, and that the surety therefore did not intend to pay the $183,384.73 per the terms of the guaranty and as directed by the Court.

To date, Plaintiffs' counsel has not received any manner of payment from either Perdomo or her surety, nor has there been a deposit of the amount due with the court registry.

**ARGUMENT**

It is appropriate at this time for the Court to compel Perdomo and/or the Surety to satisfy the interim fee award without any further delay.  It has been:

- *more than a year and a half* since the Court ordered Perdomo to pay Plaintiffs' attorney's fees in connection with the preliminary injunction proceedings in this matter;

- *ten months* since the Court denied Perdomo's motion to alter or amend the award;

- *nine months* since the Court ordered Perdomo to comply with the original interim fee order lest she risk a finding of contempt;

- *fifteen weeks* since the U.S. Court of Appeals for the First Circuit dismissed Perdomo's appeal of the interim fee award for lack of jurisdiction; and

- *six weeks* since this Court ordered liquidation of the supersedeas bond.

4

Even were the Court to give Perdomo the benefit of every doubt - - even were the Court to view Perdomo's conduct in connection with the interim fee proceedings in the most charitable light - - the record commands the inescapable conclusion that Perdomo will not comply with the Court's direction unless threatened with severe sanctions.

The only way that Perdomo managed to forestall a finding of contempt for her failure to comply with the Court's order of September 26, 2005 was to present a supersedeas bond that warranted to the Court that payment of the award would be forthcoming should she not prevail on her interlocutory appeal. The Court clearly relied upon the joint corporate guaranty of Perdomo and MAPFRE PRAICO Insurance Company as a sufficient assurance of payment to justify granting a stay pending appeal. *See* Order of Oct. 17, 2005 (D. 199).

We now find, however, that this representation to the Court was false. The interim fee award became "firm and executory" on May 12, 2006 at the very latest, yet neither Perdomo nor her surety has expressed any intention of making good on the guaranty to pay "as and when said judgment may become firm and executory." When weeks passed after the Court's most recent order directing payment of the interim fee without any action by Perdomo or her surety, Plaintiffs' counsel took all reasonable steps (and more) to elicit compliance with that order, but to no avail.

We now have no choice but to seek the Court's intervention in this matter. In light of Perdomo's and her surety's clear and conscious disregard of their obligations under the Court's orders, it appears that the sole manner in which to obtain payment from Perdomo and/or her surety is through the Court's exercise of its contempt power.

Accordingly, Plaintiffs respectfully request that the Court instruct Perdomo and MAPFRE PRAICO Insurance Company to arrange between themselves for a wire

transfer of $183,384.73 to the following account not later than 4:00 p.m. EDT on June 30, 2006:

| | |
|---|---|
| Bank Name: | SunTrust Bank |
| Title of Account: | Feldesman Tucker Leifer Fidell LLP Operating Account |
| IRS EIN: | 52-0954741 |
| Account No: | 1000025891051 |
| Routing No: | 061000104 |

Should no such electronic funds transfer occur by that date and time (or such other date and time that the Court might set), Plaintiffs request that the Court hold in Perdomo and MAPFRE PRAICO Insurance Company in contempt of court, and take such additional measures as it deems appropriate to require them to purge that contempt. Finally, Plaintiffs request that the Court award them their fees and costs incurred in preparing this motion.

Respectfully submitted,

Date: June 29, 2006

Ramon Alfaro
724 Escorial Street
Caparra Terra Ca.
San Juan, Puerto Rico 00920
(787) 781-8833 (telephone)

/S James L. Feldesman
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on Jun 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Eduardo A. Vera-Ramirez
>Landron & Vera, LLP
>Centro Internacional de Mercadeo
>100 Carr. 165, Torre I, Suite 203
>Guaynabo P.R. 00968- 8048
>
>H.S. Garcia
>United States Attorney
>José M. Pizarro-Zayas
>Assistant U.S. Attorney
>Torre Chardon Suite 1201
>350 Chardon Street
>Hato Rey, PR 00918

| | |
|---|---|
| At Washington, D.C., June 29, 2006 | S/ James L. Feldesman |
| | James L. Feldesman, Esq., Pro Hac Vice |
| | Attorney for Plaintiffs |
| | Feldesman Tucker Leifer Fidell LLP |
| | 2001 L Street, N.W., Suite 200 |
| | Washington, D.C. 20036 |
| | (202) 466-8960 (telephone) |
| | (202) 293-8103 (facsimile) |
| | jfeldesman@feldesmantucker.com |