UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Rio Grande Community Health Center, Inc., et al**<br>     **Plaintiffs**<br><br>**v.**<br><br>**Hon. Ana Ríus Armendáriz, Secretary of the Department of Health of the Commonwealth of Puerto Rico**<br><br>     **Defendant** | Case No. 03-1640 (GAG)<br>(Consolidated with Case Nos. 06-1291, 06-1524) |

**SPECIAL MASTER (GAR) REPORT AND RECOMMENDATION 2**

**RE: REBASING**

## Introduction

The Court has ordered a reconciliation of the periods starting from the Fourth Quarter of 2014. For this sole purpose, the parties met over three days from June 13 to the 15 and discussed the methodology used by the pertaining parties in analyzing the claims made by HealthproMed ("Belaval") for the First Quarter of 2015 in order to establish the process for the reconciliation of the data.

After the celebration of these meetings, the Special Master requested all the parties to submit Memoranda summarizing their position for the following issues: (1) What is the definition of a visit? (2) Should dental services be included or excluded from the term visit and wraparound payment? (3) Should extended hour services be included or excluded from the term visit and wraparound payment? (4) Proposed Reconciliation Process (5) Proposed Rebasing Process (6) What data should be used for the Rebasing Process?

The Special Master issue a Report and Recommendation 1 in regards to the questions 1, 2 and 3. Questions 5 and 6 are address thru this Report and Recommendation 2. Question 4 is postponed.

Case 3:03-cv-01640-GAG   Document 946   Filed 09/06/16   Page 2 of 5

Case No. 03-1640 (GAG)
Rio Grande Community Health Center, Inc., et al v.
Hon. Ana Ríus Armendáriz, Secretary of the Department of Health of the Commonwealth of Puerto Rico

Additional questions crystallized from the parties memorandums (e.g., dentist visits should include both a cleaning and an exam as part of the same visit? cut-off hours for the after hours services? other?) are postponed.

On January 2016, HealthproMed provided the Medicaid Program with their calculation for the reconciliation of the Wrap-around payment ("WAP") for the First Quarter of 2015, and supporting documentation. The Medicaid Program compared their data with data provided by the MCO and analyzed by ASES and the Program. Representation was given by the Defendants that differences were not in the data itself but on the application of the definition of a "visit" and other aspects of the regulation, including how services included in the law and regulation are translated into CPT[1] codes and which should or should not be included in the WAP calculation.

The WAP is the supplemental payment that the State has to make to the Federally Qualified Health Centers (hereinafter "FQHC") to satisfy the difference between the costs of services provided (based on the Prospective Payment System rate) and the amount received by the FQHC from a Managed Care Organization ("MCO") in providing services to the Medicaid population. The concept of the PPS Rate is an all-inclusive rate, meaning to cover the primary care visit and all related ancillary services (like laboratories, imaging and drugs, among others) related to that visit. Therefore, the distinction between and "encounter" and a "visit" is critical. The current (2016) PPS Rate for HealthproMed is $103.08.

**Proposed Rebasing Process, including data to be used for this process.**

The rebasing process requires a review of the PPS base rate based on the changes in the scope of services. A scope of service change is defined as a change in the type, intensity, duration and/or amount of services provided by the FQHC. For this process Plaintiffs must submit certain financial information in order to evaluate the reasonable costs incurred in the provision of the FQHC services.

---

[1] CPT = Current Procedural Terminology, developed by the American Medical Association (AMA) to describe medical services and procedures. CPT codes are used by providers to bill for services.

Case No. 03-1640 (GAG)
Rio Grande Community Health Center, Inc., et al v.
Hon. Ana Ríus Armendáriz, Secretary of the Department of Health of the Commonwealth of Puerto Rico

The centers' current PPS rates are based on data that is now outdated. In the interim, the centers have experienced multiple changes in the scope of services they provide, as well as changes to their service delivery models and populations, *e.g.*, extended hours and adoption of electronic health records systems. The current rates therefore do not reflect any increase or decrease in center costs associated with these scope changes.

The cumulative effect of such changes should be addressed through a rebasing, whereby the PPS rates are recalculated using cost and visit data from the two most recent audited fiscal years. This process would be far more manageable than an attempt to identify and calculate on an incremental basis each qualifying change to a center's scope.

The FQHCs must provide the following information for the twelve (12) month fiscal year ended on 2014 and 2015 in order to be considered for the PPS Rate determination:

- Audited Financial Statements in accordance with Generally Accepted Accounting Principles ("GAAP") and supplementary information, including notes and schedules issued by a Certified Public Accountant ("CPA") with license to practice in the Commonwealth of Puerto Rico. Single Audit Report in accordance with the Office of Management and Budget ("OMB") Circular A-110/A-133 and/or 2 CFR 200 Uniform Guidance. The CPA must provide his current peer review and/or other credentials required for the audit of federal programs, contracts, awards and grants.
- Trial Balances
- Detail General Ledger. This document should include at least the following columns:
  - Date of the journal entry
  - Description of the transaction
  - Reference
  - Account number

Case No. 03-1640 (GAG)
Rio Grande Community Health Center, Inc., et al v.
Hon. Ana Ríus Armendáriz, Secretary of the Department of Health of the Commonwealth of Puerto Rico

- Account description/name
- Debit amount
- Credit amount
  - Check register for all the non payroll checking accounts
  - Monthly headcount analysis by operating department or area
  - Amount of visits (monthly)

This would be an initial document request. As the analysis progresses, additional reasonable or necessary documents can be requested.

The PPS Office of the Medicaid Program will review and analyze the information provided and will recommend what costs will be considered reasonable for the provision of services and will recommend the new PPS Rate.

The new PPS Rate will be prospectively applied from January 1, 2017. A prospective application of the new PPS Rate promotes finality, efficiency, and realistic cost saving targets. Moreover, a prospective application of the new PPS Rate will prevent the administrative burden and uncertainty that its retroactive application would imply.

This prospective approach has been upheld by the U.S. Court of Appeals, District of Columbia Circuit in <u>Methodist Hosp. of Sacramento v. Shalala</u>, 38 F.3d 1225 (1994); the United States District Court for the Middle District of Tennessee in <u>Hca Health Servs. of Tenn. v. Thompson,</u> 207 F. Supp. 2d 719 (2002). As simply put by Judge Robert L. Echols "It would be ironic if, as Plaintiffs contend, Congress's *Prospective* Payment System required the Secretary to adjust Medicare reimbursement rates retroactively." <u>Hca Health Servs. of Tenn.</u> at 732.

Case 3:03-cv-01640-GAG   Document 946   Filed 09/06/16   Page 5 of 5

Case No. 03-1640 (GAG)
Rio Grande Community Health Center, Inc., et al v.
Hon. Ana Ríus Armendáriz, Secretary of the Department of Health of the Commonwealth of Puerto Rico

The rate rebasing formula would be as follows:

**(Total Costs FY A and FY B MINUS Third-Party Reforma/Mi Salud/Other Unallowable Costs FY A and FY B) DIVIDED BY (Total Visits FY A and FY B) = Rebased PPS Rate**

Report and Recommendation 2 issued by the Special Master on the 1st of September, 2016

    s/Gerardo A. Rodríguez Negrón
    Special Master
    USDC-PR No. 220701
    PMB 321 (B5)
    Tabonuco St. Suite 216
    Tel.No:787-347-3902
    E-mail: gardueprocess@yahoo.com