UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RÍO GRANDE COMMUNITY HEALTH CENTER, INC., *et al.*, <br><br>       Plaintiffs<br><br>   v.<br><br>HON. RAFAEL RODRÍGUEZ-MERCADO, Secretary Department of Health Commonwealth of Puerto Rico,<br><br>       Defendant | Case No. 03-1640 (GAG)<br>(Consolidated with Case Nos. 06-1291, 06-1524) |

**SPECIAL MASTER (GAR) REPORT AND RECOMMENDATION 6 TO ADOPT RE-BASED PPS RATES AND TO PRESENT QUESTION OF LAW REGARDING EFFECTIVE DATE OF RE-BASED PPS APPLICATION**

TO THE HONORABLE COURT:

COMES NOW, Special Master, Gerado A. Rodríguez Negrón ("SM") and in compliance with the Order dated May 5, 2017, (D 1007), respectfully states, alleges and prays:

On May 5, 2017, the Court ordered that the SM issue Reports and Recommendations to adjust the plaintiffs Prospective Payment System ("PPS") rates to account for changes in scope of service.

**RE-BASED PPS RATE**

DEFENDANT has issued expert witness revised reports based on the audited financial information for the CO-PLAINTIFFS twelve months fiscal closing for the years 2016 and 2015 regarding CO-PLAINTIFFS: (i) Atlantic Medical Center, Inc., (Atlantic/Barceloneta); (ii) Camuy Health Services, Inc., (Camuy); (iii) Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., (Arroyo); (iv) Ciales Primary Health Care Services, Inc., (Ciales/Prymed); (v) Corp. de

1

Serv. Médicos Primarios y Prevención de Hatillo, Inc., (Hatillo); (vi) Costa Salud, Inc., (Rincón); (vii) Centro de Salud de Lares, Inc., (Lares); (viii) Centro de Servicios Primarios de Salud de Patillas, Inc., (Patillas); and (ix) Hospital General Castañer, Inc., (Castañer) as presented by the DEFENDANT'S EXPERT WITNNESS revised reports. Therefore, the following RE-BASED PPS rates are recommended to the Court:

| CENTER | RATE |
|---|---|
| Atlantic | $151.06 |
| Camuy | $186.06 |
| Arroyo | $124.60 |
| Ciales | $125.67 |
| Hatillo | $123.78 |
| Lares | $173.15 |
| Patillas | $149.71 |
| Castañer | $191.54 |
| Rincón | $173.18 |

## EFFECTIVE DATE OF RE-BASED PPS APPLICATION

The SM recommended on his Report and Recommendation 2 (D 946) dated September 1th, 2016 and on his Report and Recommendation 4 (D 991) dated April 11th, 2017 that the new PPS rate will be applied from January 1, 2017. **The Court adopted and ordered as recommended by the SM (D 1007).**

Unforeseen significant events have occurred since we started the RE-BASED PPS review process on the summer of 2016 (e.g., Commonwealth's Title III filing under the "Puerto Rico Oversight, Management and Economic Stability Act", hurricanes Irma and María on September 2017 and a review process that lasted almost 30 months). Furthermore, the SM is also aware that the delay to expedite a RE-BASED PPS review process affects the economic condition of the CO-PLAINTIFFS and the medical treatment for the Medicaid beneficiaries taking into consideration that CO-PLAINTIFFS are allegedly operating with a PPS ordered based on financial operations for the: (i) FY 2007 and FY 2006; or (ii) FY 2000 and FY 1999.

Accordingly, the SM has a good faith legal question upon the effective date of the RE-BASED PPS rates application between the following alternatives: (i) the RE-BASED PPS will be effective and paid **retroactively** from January 1, 2017 and thereafter as recommended by the SM (DD 946, 991) and adopted/ordered by the Court (D 1007); (ii) the RE-BASED PPS will be effective and paid **prospectively** from January 1, 2019 and thereafter; or (iii) other reasonable time period combination.

Finally, the SM makes reference to the following text as presented on the Reports and Recommendations 2 and 4 (DD 946, 991): "A prospective application of the new PPS Rate promotes finality, efficiency, and realistic cost saving targets. Moreover, a prospective application of the new PPS Rate will prevent the administrative burden and uncertainty that its retroactive application would imply. This prospective approach has been upheld by the U.S. Court of Appeals, District of Columbia Circuit in Methodist Hosp. of Sacramento v. Shalala, 38 F.3d 1225 (1994); the United States District Court for the Middle District of Tennessee in Hca Health Servs. of Tenn. v. Thompson, 207 F. Supp. 2d 719 (2002). As simply put by Judge Robert L. Echols "It would be ironic if, as Plaintiffs contend, Congress's *Prospective* Payment System required the Secretary to adjust Medicare reimbursement rates retroactively." Hca Health Servs. of Tenn. at 732".

IN WITNESS THEREOF, the SM recommends that the Court adopt this Report and Recommendation and order DEFENDANT to comply with these calculations and make payments as determined by the Court.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico this 31th day of December, 2018.

s/Gerardo A. Rodríguez Negrón
USDC-PR No. 220701
PMB 321 (B5)
Tabonuco St. Suite 216
Tel.No:787-347-3902
E-mail: gardueprocess@yahoo.com