## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RÍO GRANDE COMMUNITY HEALTH CENTER, INC., et al.<br><br>**Plaintiffs**<br><br>v.<br><br>DR. CARLOS MELLADO LÓPEZ, SECRETARY OF THE DEPARTMENT OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>**Defendants** | **CIVIL NO.** 03-1640 (RAM) |

### MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiffs HealthproMed Foundation (formerly Belaval), Salud Integral en la Montaña, Migrant Health Center, Corporación de Servicios de Salud y Medicina Avanzada ("COSSMA"), NeoMed Center (formerly Gurabo), and Concilio de Salud Integral de Loiza's (collectively "Plaintiffs") *Motion for Temporary Restraining Order/Preliminary Injunction* (the "*Motion*"). (Docket No. 1452). Plaintiffs are federally-qualified health centers ("FQHCs") that receive federal funding pursuant to Section 330 of the Public Health Service Act (the "PHS"), 42 U.S.C. § 254(b), to provide health care services to Medicaid enrollees. Id. at 2. Accordingly, State Medicaid agencies reimburse FQHCs for their reasonable costs through a formula. Id. at 3. Plaintiffs filed the present

litigation seeking enforcement of the Medicaid Statute and compliance by the Commonwealth of Puerto Rico ("Defendant"). Currently, a portion of Plaintiffs' claims are stayed, pursuant to a joint agreement between the parties, while others are pending for mediation. (Docket No. 1345 and 1384).

Per Plaintiffs' *Motion*, Defendant intends to implement changes to its Medicaid payment practices, namely: (1) modifying the billing method FQHC's must use for Medicaid services; and (2) requiring that FQHC's pay out of pocket, and then seek reimbursement, for certain pharmaceuticals provided to HIV/AIDS patients. (Docket No. 1452 at 6). Plaintiffs request that the Court issue a temporary restraining order ("TRO") and/or preliminary injunction requiring Defendant to submit its recent proposed policy changes for discussion and resolution through the Court-ordered mediation process. Id. at 11.

Plaintiffs contend that in the absence of a TRO or preliminary injunction, they will suffer irreparable harm in the form of lost patients if they are unable to comply with Defendant's new requirements. Id. at 9. Moreover, Plaintiffs argue that injunctive relief is necessary to ensure compliance with previous court orders that mandate consistent payments pursuant to an established formula. Id. Plaintiffs also assert that Defendant will not be harmed if the requested relief is

granted and that the public interest favors ensuring the integrity of court orders. Id. at 10.

For the reasons set forth below, the Court denies the request for a TRO and sets deadlines for Defendant to respond to Plaintiff's request for injunctive relief.

## I.   DISCUSSION

Courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United

States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

In the case at bar, Plaintiffs **have not established that they would suffer irreparable harm *before* Defendant is given an opportunity to present its position to the Court**. First, Plaintiffs' counsel failed to "certify in writing any efforts made to give notice and the reasons why it should not be required" as required by Fed. R. Civ. P. 65(b)(1)(B). Second, the *Motion* only alleges a hypothetical harm in the form of losing patients if Plaintiffs cannot comply with new billing requirements. The *Motion* is also silent as to what irreparable harm would be caused by imposing a reimbursement model with regards to certain HIV/AIDS pharmaceuticals. Therefore, Plaintiffs have not clearly established that *immediate* and irreparable injury will result in the absence of a TRO. **The requested temporary restraining order is thus improper.** Accordingly, Plaintiff's request for a temporary restraining order against the Commonwealth of Puerto Rico at Docket No. 1452 is **DENIED**.

## II. SCHEDULING ORDER

Defendant shall respond to Plaintiffs' request for a preliminary injunction by **August 13, 2024.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of July 2024.

                                              s/Raúl M. Arias-Marxuach  
                                              UNITED STATES DISTRICT JUDGE